**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**BRYAN ALAN KROPP,**
           **Plaintiff,**

v.                                              **Case No: 6:20-cv-1196-RBD-DCI**

**COMMISSIONER OF SOCIAL**
**SECURITY,**
           **Defendant.**

**REPORT AND RECOMMENDATION**

Bryan Alan Kropp (Claimant) appeals to the District Court from a final decision of the Commissioner of Social Security (the Commissioner) denying his application for disability insurance benefits and supplemental security income. Doc. 1. The Commissioner requests that the decision be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) so that an Administrative Law Judge (ALJ) can apply the correct legal standard. Doc. 29. Claimant opposes the Commissioner's motion and requests that the Court remand this case and award Claimant benefits. Doc. 30. For the reasons set forth below, the undersigned respectfully **RECOMMENDS** that the Commissioner's final decision be **REVERSED** and **REMANDED** to the Commissioner pursuant to sentence four of § 405(g).

**I.**     **Background**

On March 7, 2008, Claimant filed an application for disability insurance benefits alleging an onset date of October 15, 2004. R. 58, 146-148. The claim was denied initially and upon review. R. 60-62, 66-67. Claimant requested a hearing before an ALJ; on April 11, 2011, ALJ Jimmy N. Coffman conducted the hearing. R. 68-69, 27-52. At the hearing, Claimant amended his alleged onset date to August 7, 2007. R. 29. On May 27, 2011, ALJ Coffman issued a partially favorable decision finding that Claimant was disabled from August 7, 2007 through December 31,

2009, but that his disability ended as of January 1, 2010 due to medical improvement.  R. 8-26, 975-993.  Claimant requested review of the hearing decision.  R. 7, 1107.  On January 2, 2013, the Appeals Council denied the request for review.  R. 1-6, 995-1000.  Claimant appealed that decision to the United States District Court for the Middle District of Florida, Jacksonville Division. *See* Case No. 3:13-cv-158-J-JBT.  On December 30, 2013, the Court entered an Order remanding Claimant's case for further administrative proceedings. R. 1001-1004.  In that Order, the Court stated:

> [T]he Court is persuaded that the ALJ should be limited to determining whether medical improvement occurred on or after January 1, 2010, but not before, since he already determined that Plaintiff was disabled from August 7, 2007 through December 31, 2009. Therefore, on remand, the ALJ should consider only issues related to medical improvement . . .

R. 1002-1003. On February 10, 2014, the Appeals Council remanded Claimant's case back to an ALJ for further proceedings.  R. 1009-1013.

On December 5, 2014, Claimant filed an application for supplemental security income.  R. 1310-1316 (the Second Claim).  The Second Claim was denied initially and upon review.  R. 1235-1237, 1239-1243.  The Second Claim was later consolidated with Claimant's original application for disability insurance benefits.  R. 874.  On May 24, 2016, ALJ Kelley Fitzgerald conducted the second administrative hearing in this case.  On January 6, 2017, ALJ Fitzgerald issued an unfavorable decision finding that Claimant's disability ended on January 1, 2010, and he had not become disabled again since that date.  R. 943-971, 1038-1066, 1068-1091.  Claimant appealed that decision to the United States District Court for the Middle District of Florida Orlando Division.  *See* Case No. 6:17-cv-667-Orl-37DCI.  The Commissioner filed an unopposed motion to remand Claimant's case for the following reasons:

> The Commissioner believes that remand would be appropriate for further administrative proceedings. Specifically, the Administrative Law Judge (ALJ) should: 1) properly consolidate Plaintiff's applications for disability; 2) offer

> Plaintiff an opportunity for a new hearing; 3) issue a new decision; and 4) exhibit all materials considered in issuing the decision, update the electronic file accordingly, and issue an updated exhibit list.

R. 1099. On January 30, 2018, this Court entered an Order remanding Claimant's case for further administrative proceedings. R. 1095-96.

On April 27, 2018, the Appeals Council remanded Claimant's case back to an ALJ for further proceedings. R. 1102-1106. The Appeals Council noted:

> The Administrative Law Judge (ALJ) did not properly consolidate the claim files. After the court remanded this case on December 30, 2013, the claimant filed a subsequent claim for Title XVI benefits of December 5, 2014. The ALJ stated this subsequent claim was consolidated with the current claims (Dec., p. 1). A review of the record, however, shows this was not properly done. For example, there are opinions from State agency consultants in the A section of the electronic file that are not exhibited (See, Disability Determination Explanations, dated June 8, 2015 (10 pages) and October 6, 2015 (12 pages)). There are two consultative examinations in the F section that also are not exhibited (See, Psychological Evaluation, dated May 9, 2015 (8 pages), and a physical examination report, dated April 3, 2015 (8 pages)). The electronic file should indicate that all evidence considered by the ALJ has been exhibited in the record. In addition, the A section of the electronic file contains three copies of the hearing decision, with inconsistent exhibit lists. Two contain an exhibit list that reflects those documents exhibited in the electronic file, but not the additional documents (such as those cited above) that were added to the electronic file following the court remand. The third copy of the decision contains an exhibit list that provides exhibit numbers for some of these additional documents. These exhibit numbers, as discussed above, are not reflected in the electronic file at the administrative level. The exhibit list also lists nine documents without assigning them exhibit numbers. Thus, this exhibit list, while more thorough, leaves pertinent documents unexhibited.

R. 1104-1105. The Appeals Council ordered the ALJ to "[p]roperly consolidate the claim files, associate the claim files, exhibit all materials considered in issuing the decision, update the electronic file accordingly, and issue a complete exhibit list." R. 1105.

On December 23, 2019, ALJ Gregory J. Froehlich conducted the third administrative hearing in this case. R. 909-942. On March 26, 2020, ALJ Froehlich issued a partially favorable decision finding that Claimant was disabled from August 7, 2007 through December 31, 2009, but that his disability ended as of January 1, 2010 due to medical improvement. R. 869-908. Claimant

waited sixty-one days for the ALJ's decision to become the final decision of the Commissioner and this appeal timely followed.  Doc. 1.

On October 30, 2020, the Court entered a Scheduling Order requiring the parties to file a Joint Memorandum in support of their respective positions.  Doc. 24.  On March 24, 2021, the date—pursuant to an extension—upon which the Commissioner's portion of the Joint Memorandum was due, the Commissioner moved to voluntarily remand this case.  Doc. 29 (the Motion).  In the Motion, the Commissioner requests that the Court remand Claimant's case to the Commissioner pursuant to 42 U.S.C. § 405(g) because:

> The Commissioner believes that remand would be appropriate for further administrative proceedings. Specifically, upon remand, the Appeals Council will instruct the Administrative Law Judge to properly consolidate the claim files and create one certified electronic record, with a complete and accurate exhibit list; give further consideration to the claimant's residual functional capacity, including whether the claimant's use of a prescribed cane is medically necessary; offer the claimant an opportunity for a hearing; take any further action needed to complete the administrative record, and issue a new decision on the consolidated claims.

Doc. 29.  Claimant filed a response in opposition to the Motion, in which Claimant requests remand for an award of benefits.  Doc. 30 (the Response).  The Court directed the Commissioner to file a reply, which the Commissioner filed on April 21, 2021.  Doc. 32 (the Reply).  The Motion is now ripe for review.

**II.    Discussion**

If a claimant is dissatisfied with the final agency decision on his application for benefits, he may sue in federal court.  42 U.S.C. § 405(g); 42 U.S.C. § 1383(c)(3) (incorporating 42 U.S.C. § 405(g)).  Under sentence four of 42 U.S.C. § 405(g), courts "have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a hearing."  Remand is appropriate "where the ALJ has failed to apply the correct legal standards." *Davis v.*

*Shalala*, 985 F.2d 528, 534 (11th Cir. 1993).  As discussed in the following paragraphs, while reversal and remand are appropriate, an outright award of benefits under *Davis* is not warranted.

A court may reverse for an outright award of benefits if the Commissioner "has already considered the essential evidence and it is clear that the cumulative effect of the evidence establishes disability without any doubt." *Davis,* 985 F.2d at 534.  As an initial matter, the undersigned notes that the Commissioner seeks remand, in part, so that the ALJ can properly consolidate the record in this case.  *See* Doc. 29.  The undersigned declines to find that the Commissioner has already considered the essential evidence here, where Claimant makes no argument to that effect, and where there is not a complete, consolidated record.

However, even if Claimant established that the Commissioner had considered the essential evidence, Claimant has not demonstrated that the cumulative effect of the evidence clearly establishes disability beyond any doubt.  *See* Doc. 30.  Claimant correctly points out that the "Social Security Administration has determined multiple times that Mr. Kropp was disabled from August 7, 2007 through December 31, 2009, but that his disability ended as of January 1, 2010 due to medical improvement." *Id.* at 14.  However, Claimant's alleged disability after January 1, 2010 remains at issue.  On this point, Claimant states only that "[d]espite multiple opportunities, the Commissioner has failed to sustain his burden to prove that [Claimant] experienced medical improvement as of January 1, 2010." *Id*.  The undersigned finds this statement insufficient to demonstrate that the cumulative effect of the evidence clearly establishes disability beyond any doubt.

A court may also reverse for an outright award of benefits where the court finds that the claimant has suffered an injustice. *See Walden v. Schweiker,* 672 F.2d 835, 840 (11th Cir. 1982).[1] Claimant cites to *Walden*, *Weary v. Commissioner of Social Security,* Case No. 6:14-CV-1742-ORL-GJK, 2016 WL 1030800, at *7 (M.D. Fla. Mar. 15, 2016), and *Goodrich v. Commissioner of Social Security*, 2012 WL 750291, at *14 (M.D. Fla. Feb. 7, 2012) and suggests that Claimant has suffered an injustice that warrants reversal and an award of benefits. *See* Doc. 30 at 11-13. Claimant simply asserts that "the circumstances of this case warrant a reversal for an award of

---

[1] The undersigned notes that several courts have discussed *Walden* in the context of "injustice" and have reached varying conclusions. In *Dietz v. Comm'r of Soc. Sec.*, the court stated:

> the Eleventh Circuit in *Walden* did not hold a court may reverse a case for an award of benefits whenever the claimant has suffered what the court considers an injustice, and certainly did not hold an injustice occurs where . . . the administrative process has been delayed because an ALJ has twice erred, regardless of whether the claimant has established disability.

No. 3:19-CV-95-J-34PDB, 2020 WL 929947, at *13 (M.D. Fla. Feb. 3, 2020), *report and recommendation adopted sub nom. Dietz v. Saul,* No. 3:19-CV-95-J-34PDB, 2020 WL 919166 (M.D. Fla. Feb. 26, 2020). The court in *Dietz* also addressed other cases in which *Walden* was discussed:

> Some district courts have interpreted *Walden* broadly to support remanding a case for an award of benefits if there is an injustice. *See, e.g.*, *Weary v. Comm'r of Soc. Sec.*, 6:14-cv-1742-Orl-GJK, 2016 WL 1030800, at *7 (M.D. Fla. Mar. 15, 2016) (unpublished); *Quanstrom v. Comm'r of Soc. Sec.*, No. 6:15-cv-990-Orl-37GJK, 2016 WL 11469164, at *8 (M.D. Fla. June 23, 2016) (unpublished), *report and recommendation adopted*, 2016 WL 3769958. Courts that have remanded for an award of benefits based on a finding of injustice have done so on egregious facts absent [in *Dietz*]. *See, e.g.*, *Green v. Comm'r of Soc. Sec.*, No. 6:18-cv-1095-Orl-41GJK, 2019 WL 1745372, at *1 (M.D. Fla. Apr. 18, 2019) (unpublished) (finding an injustice where the plaintiff underwent three administrative hearings, three appeals, and two remands over 11 years); *Rainey v. Comm'r of Soc. Sec.*, No. 5:17-cv-541-Oc-PRL, 2018 WL 3830069, at *2–4 (M.D. Fla. Aug. 13, 2018) (unpublished) (finding an injustice where the plaintiff underwent four administrative hearings, three appeals, and the Commissioner failed to follow the Court's instructions on remands over 10 years).

*Dietz*, 2020 WL 929947 at *13 n.20. Here, Claimant does not present any argument that Claimant's case is analogous to *Walden* or any other case that applies *Walden*, nor does Claimant offer any substantive support for the contention that there is an "injustice" in his case.

benefits." *Id*. at 11. But Claimant simply does not argue that the circumstances present in *Weary*, *Walden*, or *Goodrich* exist here. *Id*. at 11. Instead, the circumstances Claimant cites in support of this argument are the following: 1) Claimant originally filed for benefits thirteen years ago, and his case is on appeal for the third time; 2) despite "very clear instructions," the ALJ again failed to comply with the Court's Order and the Appeals Council's Order to properly consolidate claim files and exhibit all the evidence; and 3) the ALJ copied and pasted numerous findings from the previous denial without even reviewing the findings. *See id.* at 11-13. While the undersigned is concerned about the most recent ALJ's failure and the length of time this matter has been pending, Claimant provides no authority or argument that convinces the undersigned that an outright award of benefits under *Davis* is appropriate in this case.[2] Further, as explained by the Commissioner, this is not a case involving three identical remands or one in which the Commissioner has failed three times to follow the same instruction, each remand had its own reason and the Commissioner failed in different, though sometimes related, ways.[3] *See* Doc. 32 at 3.

---

[2] To the extent that Claimant intended to argue that the evidence here supports disability without a doubt or that this case is analogous to *Walden*, *Weary*, or *Goodrich*, and thus that the Court should follow those decisions, such argument is perfunctory at best and is therefore waived. *See, e.g.*, *Jacobus v. Comm'r of Soc. Sec.*, No. 15-14609, 2016 WL 6080607, at *3 n.2 (11th Cir. Oct. 18, 2016) (stating that claimant's perfunctory argument was arguably abandoned); *Gombash v. Comm'r of Soc. Sec.*, 566 Fed. App'x. 857, 858 n.1 (11th Cir. 2014) (stating that the issue was not properly presented on appeal where claimant provided no supporting argument); *NLRB v. McClain of Ga., Inc.*, 138 F.3d 1418, 1422 (11th Cir. 1998) ("Issues raised in a perfunctory manner, without supporting arguments and citation to authorities, are generally deemed to be waived."); *Gaskey v. Colvin*, No. 4:12-CV-3833-AKK, 2014 WL 4809410, at *7 (N.D. Ala. Sept. 26, 2014) (refusing to consider claimant's argument when claimant failed to explain how the evidence undermined the ALJ's decision) (citing *Singh v. U.S. Atty. Gen*, 561 F.3d 1275, 1278 (11th Cir. 2009) ("[A]n appellant's simply stating that an issue exists, without further argument or discussion, constitutes abandonment of that issue and precludes our considering the issue on appeal.")).

[3] The undersigned does not intend to imply that such a fact pattern would necessarily warrant an award of benefits but simply notes that the three remands here were distinct.

In addition, *Walden*, *Weary*, and *Goodrich* are procedurally, as well as factually, distinct from this case. In each of those cases, the respective courts considered the substantive arguments of the parties and the administrative record—the courts considered the issue of "injustice" in light of the parties' briefing on that issue in the joint memorandum. Here, the Commissioner moves to voluntarily remand this case prior to presenting any argument on the merits and, in response, Claimant essentially asks the Court award him benefits without presenting sufficient argument or evidence that he is actually disabled.[4] In this context, the undersigned is not persuaded by Claimant's citation to *Walden*, *Weary*, and *Goodrich*.

Finally, Claimant requests that if the Court does allow remand for further proceedings, that the Court impose a reasonable time limit for the Commissioner to complete the administrative proceedings. Doc. 30 at 14-15. The Commissioner asks the Court to deny this request and points out that Claimant "does not simply ask for a hearing within 120 days, he asks that *all* the administrative proceedings be completed within days of remand." Doc. 32 at 4. Upon due consideration, the undersigned recommends that the Court direct the ALJ to hold an administrative hearing within 120 days of the Court's Order. *See Bond v. Comm'r of Soc. Sec.*, No. 6:13-cv-175-Orl-36DAB, 2014 U.S. Dist. LEXIS 9668, 2014 WL 12618197, at *3 (M.D. Fla. Jan. 27, 2014) (distinguishing *Nowells v. Heckler*, 749 F.2d 1570 (11th Cir. 1985) and finding it

---

[4] The undersigned notes that Claimant includes a section in his Response entitled "Facts and Argument," wherein Claimant states that "[a]s [Claimant] did not filed his portion of the Joint Memorandum with this Court, he has incorporated the relevant facts and arguments that were raised so the Court has an understanding of what transpired in this case." Doc. 30 at 5 n.4. As an initial matter, the inclusion of these facts and what appears to be some kind of argument on the merits of the ALJ's decision does not change the procedural posture of this case. Further, this section of Claimant's Response also includes what appears to be a summary of previous remand orders and previous administrative decisions, as well as what appears to be argument that ALJ Froehlich's decision is not supported by substantial evidence. *See* Doc. 30 at 5-11. But the undersigned finds that nothing in this section constitutes argument or evidence that Claimant is actually disabled.

permissible for the court to order the ALJ to conduct a hearing on remand within 120 days); *Wheelock v. Comm'r of Soc. Sec.*, No. 6:16-cv-860-Orl-37KRS, 2017 U.S. Dist. LEXIS 119561, 2017 WL 3251567, at *1 (M.D. Fla. July 31, 2017) (ordering the ALJ to complete remand proceedings within 120 days of the remand order).

### III.  Conclusion

Accordingly, it is **RECOMMENDED** that:

1. The Motion (Doc. 29) be **GRANTED**;
2. The final decision of the Commissioner is **REVERSED** and **REMANDED** to the Commissioner pursuant to sentence four of § 405(g) for the above stated reasons;
3. The ALJ be directed to hold an administrative hearing within **120 days** from the date of the Court's Order; and
4. The Clerk be directed to enter judgment in favor of Claimant and to close the case.

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on May 12, 2021.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy